# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-60126
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 7, 2014

Lyle W. Cayce
Clerk

JOHNNY DELANEY,

Plaintiff-Appellant

v.

MISSISSIPPI DEPARTMENT OF PUBLIC SAFETY; WAYNE RUSTY
MILEY; MICHAEL BERTHAY; FORMER COMMISSIONER STEPHEN B.
SIMPSON; CREEDE MANSELL; WALTER DAVIS; BILLY MCCLURG;
FICTITIOUS DEFENDANTS X, Y AND Z,

Defendant-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:12-CV-229

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:[*]

It is essential to the pending appeal that Johnny Delaney, a trooper with
the Mississippi Highway Safety Patrol, filed a lawsuit against the Mississippi
Department of Public Safety ("MDPS"), then-Commissioner Stephen B.
Simpson, Wayne Rusty Miley, and Michael Berthay, asserting claims for race

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 13-60126

and age discrimination and retaliation, based on allegations he was passed over for promotions on account of his race and/or age and was subjected to a hostile work environment after complaining of discrimination both internally and to the Equal Employment Opportunity Commission. *See Delaney v. Miss. Dep't of Pub. Safety*, Civil Action No. 3:08CV369HTW-LRA. That action was dismissed in July 2011, pursuant to Federal Rule of Civil Procedure 4(m) for failure to timely serve process and alternatively pursuant to Rule 12(b)(6) for failure to state a claim upon which relief could be granted.

In the present case, Delaney alleges that in September 2008, MDPS and Walter Davis, Chief Investigator for Mississippi Bureau of Investigation ("MBI"), along with another MBI agent, interviewed an individual named Jessie Jordan, who claimed that Delaney "had engaged in some wrongdoing as to a speeding ticket that Delaney had given him." Delaney denied any wrongdoing and asserts that he cooperated in the extortion investigation. He alleges that despite this cooperation, and even though they knew there was no probable cause to believe he had committed extortion, agents of MDPS, including the MBI agents involved in the investigation, presented "distorted evidence" to the county grand jury, which in December 2008, returned an indictment against Delaney for one count of extortion pursuant to Mississippi Code Annotated § 97-11-33. The indictment alleged that Delaney, acting under color of office, promised Jordan that he would dismiss Jordan's speeding ticket in exchange for cash.

Delaney was suspended without pay by former Commissioner Simpson the next day. On December 18, 2008, an administrative hearing was held in reference to Delaney's suspension. Although Delaney appeared at the hearing and asserted his innocence of the charge against him, the suspension without pay was upheld. Later that day, Delaney was arrested on a capias warrant.

No. 13-60126

He posted bond and was released the following day, and on December 22, 2008, Delaney waived formal arraignment and entered a plea of not guilty.

In September 2009, Delaney moved to dismiss the indictment, arguing that the State had failed to afford him a probable cause hearing prior to his indictment and arrest, which he contended was mandated by Mississippi Code Annotated § 99-3-28. The County Circuit Court Judge granted the motion to dismiss, finding "that the probable cause hearing mandated by Section 99-3-28 could not be bypassed by means of an indictment . . . [and] that the proper remedy was dismissal with prejudice," since Delaney "would be subjected to double jeopardy" if he were to be indicted again. Following the dismissal of the indictment, Delaney was reinstated with pay.

The State appealed the trial court's ruling and in January 2011, the Mississippi Supreme Court reversed the dismissal and reinstated the indictment, holding that Delaney was not entitled to a probable cause hearing under the statute because "[o]nce [he] had been indicted, the need for a hearing pursuant to Mississippi Code Section 99-3-28 was obviated." *State v. Delaney*, 52 So. 3d 348, 351 (Miss. 2011). Delaney was again suspended without pay based on the Supreme Court's decision to reinstate the indictment. In March 2011, the indictment was dismissed with prejudice, for reasons that were not disclosed to the parties or the district court in the instant case.

In March 2012, Delaney filed suit against MDPS, Miley, Berthay, Former Commissioner Simpson, Creede Mansell, Davis, Billy McClurg, and Fictitious Defendants X, Y, and Z, asserting claims under federal and state law relating to criminal charges brought against him in 2008 for extortion. In this complaint, Delaney alleged claims pursuant to 42 U.S.C. § 1983 for the following alleged violations of his constitutional and federal rights: (1) Fourth Amendment seizure; (2) First Amendment retaliation; (3) Fifth and

Fourteenth Amendment substantive and procedural due process; (4) discrimination and retaliation under 42 U.S.C. § 1981. Additionally, Delaney alleged civil conspiracy claims under 42 U.S.C. §§ 1983, 1985, and 1986. Further, Delaney purported to set forth state law claims for false arrest, malicious prosecution, abuse of process, civil conspiracy and intentional infliction of emotional distress. Defendants sought dismissal of all these claims.

Berthay and Davis could not be served with process and were dismissed as party defendants in September 2012. As to the other defendants, the district court dismissed all of the claims of Delaney with prejudice. The district court held, *inter alia*, that the complaint did not state in sufficient detail the malicious prosecution claim of Delaney against the individual defendants; that MDPS had Eleventh Amendment immunity from money damages on the claims of Delaney; that the claims brought by Delaney for abuse of process and intentional infliction of emotional distress were all time-barred by the statute of limitations; that the state law claims were barred by the MTCA. Further, the court held that Delaney did not present in the complaint sufficient factual matter as to the claims under the federal statutes, including 42 U.S.C. § 1981 for racial discrimination and retaliation for his 2008 action that was pending at all material times.

Delaney appeals the district court's dismissal of his claims. Having reviewed pertinent parts of the record and the parties' extensive briefs, we conclude that the district court committed no reversible error, and we AFFIRM essentially for the reasons stated by the district court.

AFFIRMED.